DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION IN MANDAMUS
Relator, Donna Highfill, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied her application for an additional award for violation of a specific safety requirement and to enter such an award against respondent-employer, LeMaster Steel Erectors, Inc.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. The magistrate decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
Jeffrey Highfill was working at the edge of the roof of a building addition being constructed in part by LeMaster. Safety lines had been installed on two sides of the building but not on the side where Highfill was working. Highfill apparently lost his balance and fell twenty-eight feet to his death. When he fell, Highfill was wearing a safety belt or harness and a lanyard. Relator, Highfill's widow, filed a claim for an additional award for a violation of a specific safety requirement. The magistrate found that, by providing a lanyard which could have been tied off to a crossbeam or purlin, respondent had provided equivalent safety equipment and complied with the safety requirements. We disagree.
Ohio Adm. Code 4121:1-3-03 provides:
(B) Definitions.
* * *
 (2) "Lanyard" means a rope, suitable for supporting one person. One end is fastened to a safety belt or harness and the other end is secured to a substantial object or a safety line.
* * *
(J) Safety belts, lifelines and lanyards.
 (1) Lifelines, safety belts or harnesses and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when engaged in securing or shifting thrustouts, inspecting or working on overhead machines that support scaffolds or on other high rigging, when working on steeply pitched roofs, when working on poles or steel frame construction, when working on all swinging scaffolds, when exposed to hazards of falling where the operation being performed is more than six feet above ground or above a floor platform, except as otherwise specified in this chapter, and when required to work on stored material in silos, hoppers, tanks, and similar storage areas. Lifelines and safety belts or harness shall be securely fastened to the structure and shall sustain a static load of no less than five thousand pounds.
* * *
(L) Safety Nets.
 (1) Safety nets shall be provided when workplaces are more than twenty-five feet above the ground, water, or other surface where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines or safety belts or harnesses is impractical.
The word "equivalent" is defined in The American Heritage Dictionary of the English Language (1979) 443, as:
 * * * 1. a. Equal in substance, degree, value, force, or meaning. b. Having similar or identical effects. * * *
In State ex rel. Maghie Savage, Inc. v. Nobel (1998),81 Ohio St.3d 328, 331, the Ohio Supreme Court held that, where one safety rule required an employer to provide locking devices on casters used on a manually propelled scaffold, and another safety rule required the scaffold to be tied to or securely braced against a building at specific intervals, the employer was not required to do both because "neither caster locks nor structural tie-up is necessary in all situations, whether due to a lack of hazard, the presence of an equivalent means of protection, or some other reason. * * * We conclude that it is illogical to require an employer to provide duplicate protection in the absence of a duplicate-protection requirement." Thus, the Ohio Supreme Court has also interpreted "equivalent" as meaning duplicative.
Relying on Maghie, and the definition of lanyard, the magistrate found that the existence of a purlin, around which one end of the lanyard could be wrapped, to be equivalent protection to a safety line. While there was some evidence that there was a crossbeam or purlin and a lanyard could have been tied around it, the evidence also shows Highfill would have been required to lean out over the edge of the roof to secure the lanyard, which was only six feet in length, thus, running the same risk of falling that use of a safety belt, lanyard and lifelines were designed to prevent. While some of Highfill's fellow employees testified they had secured lanyards in such a manner, they were either under different working conditions, i.e., while working on a ladder and had tied off to an upright beam, or just testified that, in general, such a tie-off was possible. No one saw Highfill just before he fell and there is no evidence that a purlin was available to which a lanyard could have been safely tied in the area where Highfill was working right before his fall, assumingarguendo that such would be the provision of equivalent safety equipment.
Ohio Adm. Code 4121:1-3-03(J)(1) does not provide for alternate means of protection, but mandates the provision and use of lifelines, safety belts or harnesses and lanyards. To the extent there might be an equivalent, the equivalent is found in Ohio Adm. Code 4121:1-3-03(L), which provides for the use of safety nets when work places are more than twenty-five feet above surfaces but only when the use of other safety devices, such as safety lines or belts, is impractical.
Upon a review of the magistrate's decision and an independent review of the record, this court finds relator's objections to the magistrate's decision to be well-taken. Therefore, this court grants a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied relator's application for an additional award for a violation of a specific safety requirement, and to issue an order granting such an award.
Objections sustained, writ of mandamus granted.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.